IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ANTHONY RAY PARKS                                                PLAINTIFF

v.                      Civil No.: 6:09-cv-6107

SGT. R.J. DUNN *et al.*                                      DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Robert H. Gautreaux, proceeding *pro se*, filed this case on behalf of Anthony Ray Parks (Plaintiff). According to the address of record, Parks is an inmate of the Garland County Detention Center, in Hot Springs, Arkansas. (Doc. 1).

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this case is referred to the undersigned by the Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas. For the following reasons, it is the recommendation of the undersigned that the Complaint (Doc. 1) be dismissed for failure to follow Local Rule 5.5 and failure to prosecute this action.

**I.     BACKGROUND**

On October 28, 2009, Robert Gautreaux, Jr., filed a Complaint on behalf of himself and fellow inmates Anthony Ray Parks and Kevin Ray Pearcy. (Doc. 1 in case no. 6:09-cv-6106). This Court then directed the Clerk of Court to open separate actions on behalf of Parks and Pearcy, as the Prison Litigation Reform Act requires each prisoner who brings a civil action to submit a separate complaint and a separate application to proceed *in forma pauperis*. *See e.g., Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001).

Mr. Gautreaux's complaint was provisionally filed to open the above-styled case (Doc. 1 in case no. 6:09-cv-6107), and a blank *in forma pauperis* application was sent to Plaintiff Parks. Parks

did not return the *in forma pauperis* application, and all mail directed to Plaintiff Parks was returned to the Court as "Return to Sender - Attempted - Not Known Unable to Forward." Plaintiff Parks has not communicated with the Court in any manner regarding this case. However, Plaintiff Parks has initiated a separate case on his behalf, case number 6:09-cv-6085. Plaintiff has been granted *in forma pauperis* status in that separate action.

## II.     APPLICABLE LAW

*Sua sponte* dismissal of a case for failure to prosecute and failure to comply with orders of the Court is specifically contemplated by the Federal Rules of Civil Procedure. FED.R.CIV.P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (district court has power to dismiss sua sponte under Rule 41(b)); *Brown v. Frey,* 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with *any* court order; such a dismissal may be *with* prejudice if there has been " 'a clear record of delay or contumacious conduct by the plaintiff' ") (emphasis added); *Garrison v. Int'l Paper Co.,* 714 F.2d 757, 759 (8th Cir.1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

## III.    DISCUSSION

The case at bar is unique in some respects, as there was no indication on the initial Complaint that the named Plaintiff intended to pursue this litigation. Instead, his name was added as a Plaintiff to this action by another inmate. It appears clear that Plaintiff does not seek to pursue this matter, but rather has brought forth his own litigation. Either Plaintiff had notice of this matter being filed

under his name, and did not follow Local Rule 5.5 in keeping a current address with the court or diligently prosecute this action; or Plaintiff's name was added without his knowledge to the Complaint, which re-filed by direction of this Court to initiate the above-styled case. In the latter scenario, the Court attempted to notify Plaintiff of the Complaint in the event Plaintiff intended to pursue the claim by mailing such notification to Plaintiff's last known address. Plaintiff has brought similar litigation in this District, and is clearly capable of pursing his claims. Accordingly, Plaintiff's above-styled case should be dismissed for failure to follow Local Rule 5.5 and for failure to prosecute.

### IV.   CONCLUSION

Accordingly, I RECOMMEND the above-styled case be dismissed for failure to follow Local Rule 5.5 and failure to prosecute.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 1st day of June 2010.

/s/ Barry A. Bryant
BARRY A. BRYANT
U.S. MAGISTRATE JUDGE